39 F.3d 1195
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ronald D. WILLCUTT, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7095.
 United States Court of Appeals, Federal Circuit.
 Sept. 28, 1994.
 
 Before CLEVENGER, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 SCHALL, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Ronald D. Willcutt's appeal for lack of jurisdiction. Willcutt opposes.
 
 
 2
 On May 19, 1993, the Board of Veterans Appeals issued a decision denying Willcutt's application to reopen his claim of entitlement to service connection for post-traumatic stress disorder (PTSD). The Board concluded that Willcutt had not submitted new or material evidence warranting the reopening of his claim. The Court of Veterans Appeals affirmed the Board's decision, but noted that the Board erred in determining that Willcutt's evidence was not material.* The Court of Veterans Appeals determined the Board's error in its materiality determination was harmless because the Board actually reopened and readjudicated Willcutt's claim and there were "plausible bases in the record for the findings and conclusions of the BVA."
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his informal brief, Willcutt states that "[t]o get into this court, I believe that I need to prove that errors of law were committed by the Court of Veterans Appeals." Willcutt argues that the Court of Veterans Appeals erred in determining that he was not entitled to service connection for PTSD. The crux of Willcutt's arguments are that the Court of Veterans Appeals erred in its review of the Board's factual determinations and its application of the law to the facts of his case. However, this court has no jurisdiction to review either factual determinations or challenges to the law as applied to the facts of a case. As this court has no jurisdiction to conduct the inquiry that Willcutt requests, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.
 
 
 
 *
 The Court of Veterans Appeals erroneously stated that the Board had determined that Willcutt's evidence was new